**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-0125-WJM-KMT

CHESTER LEE RENEAU,

    Plaintiff,

v.

SASHA MAHONEY,

    Defendant.

---

**ORDER ADOPTING RECOMMENDATION, DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT, AND GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

---

This matter is before the Court on the February 21, 2014 Recommendation by U.S. Magistrate Judge Kathleen M. Tafoya (ECF No. 50) (the "Recommendation") that Plaintiff's Motion for Summary Judgment (ECF No. 25) be denied and Defendant's Motion for Summary Judgment (ECF No. 28) be granted.  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Plaintiff filed objections to the Recommendation on March 7, 2014.  (ECF No. 51.)  For the reasons set forth below, the Recommendation is adopted, Plaintiff's Objection is overruled, Plaintiff's Motion for Summary Judgment is denied, and Defendant's Motion for Summary Judgment is granted.

**I.  BACKGROUND**

The facts are detailed in the Recommendation, which the Court has incorporated herein.  Briefly, Plaintiff is a *pro se* prisoner currently housed in the Sterling Correctional

Facility. However, the events relevant to this action occurred when Plaintiff was detained at the Larimer County Detention Center for a probation violation and revocation. (Compl. (ECF No. 1) p. 5.) Defendant is a deputy with the Larimer County Sheriff's Department.

On January 28, 2012, Plaintiff made a number of statements to Deputy Aaron Wright about harming members of Judge Thomas French's (his sentencing judge) family. (Rec. (ECF No. 50) at 2.) Shortly thereafter, Plaintiff brought two letters to the jail control room to be mailed, one addressed to Judge French ("French Letter") and the other to Danielle Cunningham[1] in care of the "Dept. of Probation" ("Cunningham Letter"). (*Id*. at 4.) Plaintiff later made additional threatening comments to Deputy Wright. (*Id*. at 3.)

Deputy Wright was alarmed by Plaintiff's comments and passed his concerns along to the Defendant. (*Id*.) Defendant retrieved the French Letter and opened it. (*Id*.) Defendant was discussing Plaintiff's actions with her supervisor when she received a call from Deputy Wright, who informed her that Plaintiff had asked for all of his mail back so that he could destroy it. (*Id*.) Plaintiff's request to retrieve his mail raised security concerns for Defendant, so she asked another deputy to retrieve Plaintiff's mail and bring it to her. (*Id*.)

Upon receiving the Cunningham letter from the outgoing mail, Defendant opened it. (*Id*. at 4.) The Cunningham letter stated that the Plaintiff was going to spend his

---

[1] It is unclear whether Plaintiff's probation officer was named Danielle Cummings or Cunningham. Because this dispute is not material to resolution of this case, the Court adopts the nomenclature used by the Magistrate Judge, and will refer to the probation officer as Cunningham.

three year jail sentence "contemplating how much fun it's going to be watching the judge lose some of this Relatives when I get out." (*Id.*)  Defendant Mahoney brought the letters to the Deputy District Attorney, who filed charges against Plaintiff for retaliation against a judge.  (ECF No. 28-9 at 4.)  Plaintiff was convicted on those charges and sentenced to ten additional years in prison.  (Rec. at 4.)

In this action, Plaintiff alleges that Defendant's seizure of the Cunningham Letter violated his First, Fourth, and Fourteenth Amendment rights.  (Compl. pp. 7-9.)  Plaintiff filed his Motion for Summary Judgment on all claims on April 3, 2013.  (ECF No. 25.)  Defendant filed her Motion for Summary Judgment on April 9, 2013.  (ECF No. 28.)  Both Motions were referred to Magistrate Judge Tafoya for a recommendation on the disposition, which was filed on February 21, 2014.  (ECF No. 50.)  Plaintiff has filed an objection to the Recommendation.  (ECF No. 51.)

## II. STANDARD OF REVIEW

When a Magistrate Judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the District Judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  FED. R. CIV. P. 72(b)(3).  An objection is proper if it is filed within fourteen days of the Magistrate Judge's recommendations and specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  In the absence of a timely and specific objection, "the district court may review a magistrate . . .

[judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas*, 474 U.S. at 150); *see also* FED. R. CIV. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

In addition, Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III.  ANALYSIS

Plaintiff's objection consists of twenty-five pages of rambling complaints about the Magistrate Judge's Recommendation. The Court has attempted to organize Plaintiff's arguments into discrete categories according to his claims, each of which is discussed below.

**A.      First Amendment Claim**

Plaintiff argues that the Magistrate Judge applied the wrong legal standard to his First Amendment claim by construing it as one for access to the courts instead of retaliation. (ECF No. 51 at 8.) However, the Magistrate Judge did not characterize Plaintiff's First Amendment claim as challenging his access to the courts. Rather, in a footnote, the Recommendation noted that, to the extent Plaintiff's First Amendment claim could possibly be construed as one challenging his access to the courts, Plaintiff had failed to state a claim. (*See* Rec. at 14 n.8.)

Next, Plaintiff did not bring a First Amendment retaliation claim in this case. His Complaint alleges that Defendant unlawfully read his outgoing mail in violation of his right to freedom of speech protected by the First Amendment. (Compl. p. 8.) The word retaliation does not occur in this claim. (*Id.*) Moreover, Plaintiff's Motion for Summary Judgment does not mention retaliation or discuss the elements of a First Amendment retaliation claim. (ECF No. 25.) Because Plaintiff does not bring a retaliation claim in this case, the Magistrate Judge did not err in failing to analyze that issue. An objection to a Recommendation is not the appropriate way to raise a new claim in this case. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). Thus, the Court will not address Plaintiff's newly raised First Amendment retaliation claim.

With regard to the Recommendation's substantive analysis of Plaintiff's First Amendment claim, which examines whether the jail's policies on handling outgoing mail complied with constitutional protections, the arguments raised in Plaintiff's Objection are the same as those raised in opposition to Defendant's Motion for Summary Judgment. (*Compare* ECF No. 51 at 9-13 *with* ECF No. 40 at 2-8.) The Court has considered the issue *de novo*, and agrees with the Magistrate Judge's analysis. The Court finds that the challenged procedures, which were implemented by the Defendant in this instance, further an important governmental interest and suppress no more speech than necessary to protect that governmental interest. As such, the Court finds that Plaintiff has failed to show a genuine dispute of fact as to whether Defendant violated his First Amendment rights, and Defendant's Motion for Summary Judgment is granted as to Plaintiff's First Amendment claim.

**B.     Fourth Amendment**

The Recommendation found that Defendant's warrantless seizure of Plaintiff's outgoing mail did not violate his Fourth Amendment rights because prisoners have no reasonable expectation of privacy. (Rec. at 14-15.) Plaintiff vigorously objects to this conclusion, and argues repeatedly that the Defendant violated his Fourth Amendment rights by confiscating this letters without a warrant. (ECF No. 51 at 14-18.) In support of his argument that prisoners do not lose their Fourth Amendment protections simply by being imprisoned, Plaintiff cites *United States v. Cohen*, 796 F.2d 20 (2d Cir. 1986), in which the court held that a pretrial detainee retained limited Fourth Amendment rights, which protected him against warrantless cell searches by non-prison officials. In *Cohen*, the entities prosecuting him conducted a cell search to obtain additional evidence to use against him during the prosecution. *Id*. at 24. The Second Circuit concluded that the pretrial detainee retained an expectation of privacy against his cell being searched by the prosecutor. *Id*. At the same time, however, it noted that the same search, if conducted by the prison authorities, would not have violated the detainee's Fourth Amendment rights. *Id*.

In this case, it is undisputed that the seizure of Plaintiff's outgoing mail was done by jail officials, who were concerned about security given the Plaintiff's comments about Judge French's family and his request to have all of his mail—which had already left the part of the jail where Plaintiff was housed—returned to him. As such, this case is not similar to *Cohen*.

In regard to an inmate's expectation of privacy, the Supreme Court has held that "[a] right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Hudson v. Palmer*, 468 U.S. 517, 527-28 (1984). In *Hudson*, the Supreme Court established that prisoners do not have any reasonable expectation of privacy in their prison cells or in articles that they have in their possession while in prison. *Id.* at 525-28. In addition, in relation to non-privileged prison mail, the Tenth Circuit has held that its "regulation by prison officials is 'essentially an administrative matter in which the courts will not intervene.'" *United States v. Gordon*, 168 F.3d at 1228 (citing *Wilkerson v. Warden of U.S. Reformatory, El Reno*, 465 F.2d 956 (10th Cir. 1972)). In *Gordon*, the Tenth Circuit found that an individual sending non-privileged, non-legal mail to an inmate had no reasonable expectation of privacy in that mail, as the prison regulations provided that such mail may be inspected at any time. *Id.* Likewise, in *United States v. Walton*, 935 F. Supp. 1161, 1164-65 (D. Kan. 1996), the court held that a prisoner had no reasonable expectation of privacy in non-legal, non-privileged mail once he gave it to a prison official to deliver.

Given this case law, the Court finds that Plaintiff has failed to show that he had a legitimate expectation of privacy in the Cunningham Letter once he turned it over to jail officials to be mailed out. A prisoner asserting a Fourth Amendment violation has the burden to show an expectation of privacy in the item wrongfully seized, and this expectation of privacy is an essential element of the claim. *See United States v.*

*Conway*, 73 F.3d 975, 979 (10th Cir. 1995).  Because Plaintiff cannot show that he had an expectation of privacy in the Cunningham Letter, summary judgment in Defendant's favor is appropriate on the Fourth Amendment claim.

**C.    Fourteenth Amendment**

Plaintiff alleges that Defendant violated his Fourteenth Amendment rights to procedural due process of the law by failing to obtain a search warrant before opening the Cunningham Letter.  (Compl. at 9.)  The Recommendation found that Plaintiff had not shown a Fourteenth Amendment procedural due process violation because he had not established that he had been deprived of any property or liberty interest.  (Rec. at 16.)  The Magistrate Judge noted that she had already found that the jail's mail regulations were reasonably related to a legitimate penological interest.  (*Id*.)

In his objection, Plaintiff again argues about whether his Fourth Amendment rights were violated by the seizure of the letter.  As the Court has held, Plaintiff did not have an expectation of privacy in the letter once it was given to jail officials for delivery.  As such, Plaintiff's Fourteenth Amendment claims cannot be built off the back of an alleged Fourth Amendment violation.

Plaintiff also contends that his right to correspond in uncensored communications is a liberty interest under the Fourteenth Amendment.  (ECF No. 51 at 21.)   Due process guarantees apply only when an individual is deprived of life, liberty or property.  In *Sandin v. Conner*, 115 S.Ct. 2293 (1995), the Supreme Court clarified the circumstances under which a liberty interest will be implicated within the prison setting.  Liberty interests are generally limited to freedom from action which "imposes

atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or action that "will inevitably affect the duration of [a] sentence". *Id*. at 2300. Inspecting an inmate's non-legal mail prior to mailing does not affect the duration of his sentence or impose an atypical and significant hardship. Regulation of prison mail (both incoming and outgoing) is a fact of prison life, which is far from atypical. As such, the Court agrees with the Magistrate Judge's finding that Plaintiff has failed to show that he was deprived of a liberty interest.

Additionally, the Court agrees with the Magistrate Judge's finding that, to the extent Plaintiff has established a liberty interest in his outgoing mail, he has failed to show that Defendant wrongfully infringed on such interest. "An inmate's right to receive mail and other packages may be limited by prison regulations that are reasonably related to legitimate penological interests." *Steffey*, 461 F.3d 1218, 1222 (10th Cir. 2006). Prison security is a legitimate penological interest. The undisputed record shows that Defendant seized the Cunningham Letter after Plaintiff asked that it be returned to him, which implicated security issues. As such, the Court finds that Plaintiff has failed to show that Defendant wrongfully violated any liberty interest.

In sum, Plaintiff has failed to show a genuine dispute of fact as to whether his Fourteenth Amendment procedural due process rights were violated. Therefore, Defendant's Motion for Summary Judgment is granted as to this claim.

### IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Magistrate Judge's Recommendation (ECF No. 50) is ADOPTED IN FULL;
2. Plaintiff's Objection (ECF No. 51) is OVERRULED;

3. Plaintiff's Motion for Summary Judgment (ECF No. 25) is DENIED;

4. Defendant's Motion for Summary Judgment (ECF No. 28) is GRANTED; and

5. The Clerk shall enter judgment in favor of Defendant on all claims. Each party shall bear his or her own costs.

Dated this 25th day of March, 2014.

BY THE COURT:

William J. Martinez
United States District Judge